```
ANAIT OGANYAN, PLAINTIFF IN PRO SE
10533 JARDINE AVE
SUNLAND, CA 91040

ANAIT1970@YAHOO.COM
```

FILED
CLERK U.S. DISTRICT COURT
DEC 15 2011
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

LODGED
2011 DEC -9 PM 4:01
CENTRAL DIST. OF CA.
LOS ANGELES

N/S

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANAIT OGANYAN, an individual,<br><br>**Plaintiff**,<br><br>vs.<br><br>SQUARE TWO FINANCIAL, A Colorado Corporation,<br><br>MIDLAND CREDIT MANAGEMENT, INC, A Kansas Corporation,<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, A Delaware Limited Liability Company,<br><br>**Defendants**. | Case No. CV11-10226-RGK(VBKx)<br><br>COMPLAINT FOR:<br><br>1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;<br>2) VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br>3) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT;<br>4) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;<br>AND<br>5) DECLARATORY RELIEF.<br><br>**JURY TRIAL DEMAND** |

**I. PRELIMINARY STATEMENT**

1. Plaintiff ANAIT OGANYAN ("Plaintiff"), demanding a trial by jury, brings this action against Defendants, SQUARE TWO FINANCIAL, MIDLAND CREDIT MANAGEMENT, INC. and PORTFOLIO RECOVERY ASSOCIATES, LLC (collectively "Defendants") in connection with their reporting and collection of debts in violation of Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et seq. ("RFDCPA"), Fair Credit Reporting Act, 15 U.S.C.

COMPLAINT FOR DAMAGES- 1

§1681 et seq. ("FCRA"), and California's Consumer Credit Reporting Agencies Act, California Civil Code §1785 et seq. ("CCRAA").

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

3. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive

list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

5. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

6. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

7. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued

functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

8. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

9. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate and/or incomplete information on their credit file.

10. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or use the consumer credit reports for any reason. FCRA Section 623, 15 U.S.C. §1681s-2 imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

COMPLAINT FOR DAMAGES- 4

11. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

12. The CCRAA regulates consumer credit reporting agencies as well as furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was errouneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

13. CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

## II. JURISDICTION

14. This Court has Jurisdiction under 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, California Civil Code §1785.33, 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

15. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## III. VENUE

16. Venue of this court is proper based on 15 U.S.C. §1681(p) because Plaintiff has suffered damages as a result of Defendant's violations and her claim arose in this District.

## IV. PRIVATE RIGHT OF REMEDY

17. California Civil Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

18. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

19. California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

20. California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an

action in a court of appropriate jurisdiction against that person to recover the following."

21. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made her initial disputes with the credit reporting agencies.

22. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

### V. THE PARTIES.

23. The Plaintiff ANAIT OGANYAN ("Plaintiff'), is a natural person who, at all times relevant herein, resided in the City of Sunland, Los Angeles County, State of California.

24. Plaintiff is a consumer within the meaning of 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

25. Defendant Square Two Financial ("STF") is a Colorado Corporation.

26. Defendant Midland Credit Management, INC ("MCM") is a Kansas Corporation.

27. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware Limited Liability Company.

28. Defendants and each one of them (collectively "Defendants") at all times relevant herein conducted business in the State of California.

29. Defendants and each one of them is a debt collector within the meaning of 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

30. Defendants and each one of them is a person

COMPLAINT FOR DAMAGES- 7

within the meaning of 15 U.S.C. §1681a (b), California Civil Code §1785.3(j) and California Civil Code §1788.2(g)

## VI. FACTS.

31. In or around May 2011, after obtaining and reviewing her credit report from the three national Credit Reporting Agencies, Experian, Equifax and Transunion, Plaintiff learned that Defendants maintain and report under her name collection accounts which she was never informed of.

32. The accounts in question are identified by account numbers 120002011019 reported by STF, 853568.... and 853620.... reported by MCM, and 600889536433.... reported by PRA (collectively "Accounts")

33. The credit reporting of each of the collection accounts from each of the Defendants was made without providing dunning notice of debt to Plaintiff, without notice of the negative credit reporting and without any disclosure of Plaintiff's consumer rights with regards to collection and credit reporting of accounts and debts.

34. On or about June 1, 2011 Plaintiff sent out letters to each of the Defendants addressing Defendants' unlawful reporting and collection activity and requesting proper and timely identification of the accounts and validation of the alleged debts.

35. On or about June 1, 2011, Plaintiff simultaneously submitted dispute of the accounts with the Credit Reporting Agencies, triggering Defendants' liability to a timely response and correction with regards to their credit reporting.

36. Defendants failed to honor Plaintiff's disputes and requests and comply with their obligations as debt collectors and credit furnishers. They failed to validate their alleged debts or verify the related credit reporting or otherwise take corrective action.

37. Despite Plaintiff's ample attempts, including multiple follow up correspondences sent over the course of past six months, Defendants failed to cooperate in resolving

Plaintiff's dispute and complaints.

38. Defendants continue collection efforts, including credit reporting, on the unverified debts.

39. The inaccurate accounts negatively reflect upon Plaintiff as a consumer, borrower/debtor.

40. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully and negligently repeatedly failed to take reasonable actions in compliance with FDCPA, RFDCPA, FCRA and CCRAA, have failed to remove inaccurate debt and credit information, have failed to note the disputed status of the inaccurate credit information and have continued to report derogatory inaccurate credit information about the Plaintiff to the Credit Reporting Agencies.

41. As a result of Defendants' conduct, Plaintiff has suffered:
   a. Actual damages and serious financial harm arising from monetary losses relating to denials of credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.
   b. Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;
   c. Emotional distress and mental anguish associated with having incorrect derogatory credit information transmitted about Plaintiff to other people both known and unknown;
   d. Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

### [15 U.S.C. §1692 et seq.]

42. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 41 above.

43. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Failing to provide the notice required under 15 U.S.C. §1692e (11).
b) Failing to provide written notices of Plaintiff's right to verification of the debt as well as information about the debt and the original creditor, as required under 15 U.S.C. §1692g(a);
c) Failing to cease collection activity upon receipt of Plaintiff's dispute of the accounts and alleged debts, as required under 15 U.S.C. §1692g(b);
d) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);
e) Using unfair and/or unconscionable means to collect alleged debts, in violation of 15 U.S.C. §1692f;
f) Attempting to collect amounts not authorized by any agreement entered with Plaintiff creating the purported debts or otherwise permitted by law, in violations of 15 U.S.C § 1692f(1)

44. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### THIRD CLAIM FOR RELIEF

### Violations of Rosenthal Fair Debt Collection Practices Act

### [California Civil Code §1788 et seq.]

45. Plaintiff repeats and reincorporates by

under 15 U.S.C. §1681s-2(a)(3).

c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute, as required under §1681s-2 (a)(8)(E).

d) Continuing to report fraudulent information to the CRAs.

50. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FCRA, and for Plaintiff's actual damages, statutory damages, cost and attorney's fees.

### FIFTH CLAIM FOR RELIEF

### Violations of the Consumer Credit Reporting Agencies Act

### [California Civil Code §1785 et seq.]

51. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 50 above.

52. Defendants knowingly and willfully violated California's CCRAA. Defendants' violations include, but are not limited to, the following acts:

a) Submitting negative credit information concerning the Plaintiff to the CRAs, without notifying the Plaintiff, as required under California Civil Code §1785.26(b).

b) Failing to acknowledge Plaintiff's demand for deletion of fraudulent information furnished to the CRAs following Plaintiff's dispute with the CRAs, as required under California Civil Code §1785.30.

### SIXTH CLAIM FOR RELIEF

### (Declaratory Relief)

53. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 52 above.

54. Plaintiff contends that the actions of the

Case 2:11-cv-10226-RGK-VBK Document 3 Filed 12/15/11 Page 12 of 15 Page ID #:30

Defendants constituted willful violations of the Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

55. A judicial declaration that the conduct of Defendants which violated applicable statutes is not just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against each of the Defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), and/or Civil Code §1788.30(c) and/or Code of Civil Procedure §490.020.

4. General damages, in an amount subject to proof at trial;

5. Declaratory relief; and

6. Such other and further relief as the Court deems appropriate.

DATED: December 5, 2011

                                      Respectfully submitted,

By: _____

ANAIT OGANYAN, Plaintiff In Pro Se

COMPLAINT FOR DAMAGES- 13

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV11- 10226 RGK (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
ANAIT OGANYAN

**DEFENDANTS**
SQUARE TWO FINANCIAL
MIDLAND CREDIT MANAGEMENT
PORTFOLIO RECOVERY ASSOCIATES

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ANAIT OGANYAN, PLAINTIFF IN PRO PER
10533 JARDINE AVE, SUNLAND, CA 91040
ANAIT1970@YAHOO.COM

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State |  | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** NOT YET ASSERTED

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violateions of 15 U.S.C. Section 1681 and 15 U.S.C. Section 1692

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV11-10226 - RGK(VBKx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_   Date 10/20/2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |