JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10266 RGK (VKB) | Date | August 24, 2012 |
|---|---|---|---|
| Title | OGANYAN v. SQUARE TWO FINANCIAL, et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

Proceedings:     (IN CHAMBERS) Order Re: Defendant Portfolio's Motion for Summary Judgment (DE 22)

**I.      INTRODUCTION**

On December 15, 2011, Anait Oganyan ("Plaintiff") filed a Complaint against Square Two Financial ("Square Two"), Midland Credit Management, Inc. ("Midland"), and Portfolio Recovery Associates, LLC ("Portfolio") (collectively "Defendants") alleging (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), (2) violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), (3) violations of the Fair Credit Reporting Act ("FCRA"), (4) violations of the Consumer Credit Reporting Agencies Act ("CCRAA"), and (5) requesting declaratory relief that Defendants' conduct violated applicable statutes and was not just and appropriate.

On June 27, 2012, Portfolio filed the current Motion for Summary Judgment, to which Plaintiff has not filed an opposition. For the following reasons, the Court **GRANTS** Portfolio's Motion.

**II.     FACTUAL BACKGROUND**

On July 29, 2010, Portfolio obtained Plaintiff's delinquent GE Money Bank F.S.B./JC Penney credit card account (the "Account"). (Jackson Decl. ¶ 3.)

On August 13, 2010, Portfolio sent an initial notice letter ("August 2010 Letter") to Plaintiff advising her of her right to dispute the Account. (*Id.* ¶ 5, Ex. A.) The letter was not returned to Portfolio as undeliverable and Plaintiff did not respond. (*Id.* ¶ 6.)

Sometime in May 2011, Plaintiff obtained and reviewed her credit report from three

Credit Reporting Agencies ("CRAs") (Equifax, Experian, and Transunion) and learned that Portfolio had reported a collection account under her name. (Compl. ¶ 31.)

On June 8, 2011, Portfolio received a letter from Plaintiff disputing the Account and requesting validation of the debt ("June 2011 Letter"). (*Id.* ¶ 6, Ex. B.) In June 2011, Portfolio also received notice from Experian that a dispute was submitted by Plaintiff claiming she was not the debtor on the Account. (*Id.* ¶ 9, Ex. C.) Portfolio then performed an investigation, confirmed that Plaintiff owed the debt on the Account, and reported the Account as disputed to Experian. (*Id.* ¶ ¶ 10-11, Ex. C.)

Portfolio did not receive any other communication regarding a dispute from the CRAs in connection with the Account.

### III.     JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper only where "there is no genuine issue as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a).

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the nonmoving party's case. *See id.* at 326.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

### IV.     DISCUSSION

Portfolio moves for summary judgment in its favor as to all of Plaintiff's claims. The Court addresses each claim in turn.

#### A.     Claim for FDCPA Violations

Plaintiff alleges that Portfolio violated 15 U.S.C. §§ 1692g(a) and 1692g(b) by failing to provide notice of the debt on the the Account and failing to validate the Account in response to Plaintiff's June 2011 Letter. Plaintiff also alleges that Portfolio violated 15 U.S.C. §§ 1692e(10), 1692e(11) and 1692f by using false, misleading, unfair, or unconscionable means to collect or attempt to collect on the debt. The Court looks to see whether Plaintiff has met her burden as to any of the sections of the FDCPA that she alleges Portfolio has violated.

##### 1.     *§ 1692g(a)*

Section 1692g(a) requires that a debt collector shall send the consumer a written notice, within five days after the initial communication with a consumer regarding collection of a debt, containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer disputes the validity of the debt within thirty days of receipt of the notice, the debt will be assumed valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain and provide the consumer verification of the debt via mail; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

The language of § 1692g(a) requires only that a notice is sent to the consumer, but does not require that the notice be received by the consumer. *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999).

Portfolio sent Plaintiff a letter on August 13, 2010 that complied with the provisions of § 1692g(a). (Jackson Decl. Ex. A.) Plaintiff has not offered any evidence to show otherwise. Therefore, Plaintiff has not created a genuine issue of material fact as to whether Portfolio violated § 1692g(a).

      2.     *§ 1692g(b)*

Section 1692g(b) provides that if the consumer notifies the debt collector in writing within thirty-days of the notice sent pursuant to subsection (a) that the debt is disputed or that if the consumer requests the name and address of the original creditor within the same thirty-day period, the debt collector shall cease collection of the debt until the debt collector mails the requested information to the consumer. 15 U.S.C. § 1692g(b).

Portfolio sent Plaintiff a letter notifying her of debt on the Account, which the Court is allowed to presume was received shortly after August 13, 2010 by virtue of the mailbox rule. *Anderson v. U.S.*, 966 F.2d 487, 491 (9th Cir. 1992) ("Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee.").

Plaintiff provides no evidence to establish that she responded within the allotted thirty-day period. Plaintiff's June 2011 Letter, sent nearly ten months after Portfolio's August 2010 Letter, does not trigger the requirements under § 1692g(b). Therefore, Plaintiff has not created a genuine issue of material fact as to whether Portfolio violated § 1692g(b).

      3.     *§ 1692e*

Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. The section prohibits "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" and requires a debt collector to disclose in an initial communication with the consumer that the debt collector is attempting to collect a debt and any information obtained will be used for that purpose. 15 U.S.C. §§ 1692e(10) and (11).

Plaintiff has not offered any evidence that Portfolio used false, deceptive, or misleading representation to collect the debt. Therefore, Plaintiff has not created a genuine issue of material fact as to whether Portfolio violated § 1692e.

      4.     *§ 1692f*

Section 1692f generally prohibits a debt collector from using unfair or unconscionable

means to collect or attempt to collect any debt. Plaintiff's allegations specifically concern § 1692(f)(1), which makes it a violation to collect any amount except that expressly authorized by the agreement creating the debt or is permitted by law. 15 U.S.C. § 1692f(1).

Portfolio's actions on the Account included sending Plaintiff the August 2010 Letter and subsequently furnishing information to the CRAs regarding the Account. (Decl. Jackson ¶ ¶ 6-7.) Plaintiff has not offered any evidence to show that Portfolio made any attempt to collect any amount owed on the Account. Therefore, Plaintiff has not created a genuine issue of material fact as to whether Portfolio violated § 1692f(1).

In conclusion, because Plaintiff has failed to offer evidence establishing a violation by Portfolio of any of the contested provisions of the FDCPA, the Court **grants** Portfolio's Motion for Summary Judgment as to Plaintiff's claim for violation of the FDCPA.

### B.    Claim for RFDCPA Violations

Plaintiff alleges that Portfolio's acts in violation of the FDCPA as described above also constitute violations of the RFDCPA because California Civil Code § 17811.17 states that a debt collector must comply with 15 U.S.C. §§ 1692b-1692j.

Because the Court finds that Plaintiff has not offered evidence of a violation of any of the contested provisions of the FDCPA, Plaintiff has also failed to create a genuine issue of material fact as to a violation of the RFDCPA. Therefore, the Court **grants** Portfolio's Motion for Summary Judgment as to Plaintiff's claim for violation of the RFDCPA.

### C.    Claim for FCRA Violations

Plaintiff alleges that Portfolio violated various subsections of 15 U.S.C. § 1681s-2, which sets forth responsibilities of furnishers of information to reporting agencies.

Although the provisions of § 1681s-2(a) protect consumers, § 1681s-2(c) and (d) limit enforcement to federal and state agencies and officials. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Therefore, there is no private right of action by consumers for violation of § 1681s-2(a). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009).

Because there is no private right of action for violation of § 1681s-2(a), the Court **grants** Portfolio's Motion of Summary Judgment as to Plaintiff's claim for violation of the FCRA.

### D.    Claim for CCRAA Violations

Plaintiff alleges that Portfolio violated the CCRAA by failing to comply with California Civil Code §§ 1785.26(b) and 1785.30.

Section 1785.26(b) provides that a creditor may submit negative credit information concerning a consumer to CRAs only if the creditor also notifies the consumer. Section 1785.30 sets forth certain obligations for those who furnish information to CRAs after a consumer has made a written demand to a CRA for correction or deletion of information.

However, the FCRA preempts any state law "with respect to any subject matter regulated under section 1681s-2[.]" 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2 sets forth the responsibilities and requirements of furnishers of information to the CRAs. 15 U.S.C. § 1681s-

2. Specifically, § 1681s-2(a)(7) requires that furnishers of information to CRAs provide notification prior to reporting negative information. 15 U.S.C. § 1681s-2(a)(7).

Because California Civil Code § 1785.26(b) requires creditors to provide notification prior to reporting negative information and § 1681s-2(a)(7) has a similar requirement, § 1785.26(b) is preempted by the FRCA. *See Gorman*, 584 F.3d at 1171-72.

California Civil Code § 1785.30 imposes a requirement on furnishers of information to CRAs, which falls within the general ambit of 15 U.S.C. § 1681s-2. Because Congress has provided that state laws may not impose a requirement on any subject matter regulated under 15 U.S.C. § 1681s-2, the Court finds that § 1785.30 is preempted.

Because § 1785.26(b) and § 1785.26(b) are preempted by the FCRA, the Court **grants** Portfolio's Motion for Summary Judgment as to Plaintiff's claim for CCRAA violation.

### E.  Claim for Declaratory Relief

Plaintiff requests a judicial declaration that the conduct of Defendants which violated applicable statutes was not just and appropriate.

Because the Court has granted Portfolio summary judgment as to all of Plaintiff's claims discussed above, the Court also **grants** Portfolio's Motion for Summary Judgment as to Plaintiff's claim for declaratory relief.

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Portfolio's Motion for Summary Judgment as to all claims stated in Plaintiff's Complaint.

**IT IS SO ORDERED.**

_____ : _____

Initials of

Preparer