MICHAEL R. SIMMONDS (SBN 96238)
msimmonds@snllp.com
R. TRAVIS CAMPBELL (SBN 271580)
tcampbell@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Portfolio Recovery Associates, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANAIT OGANYAN,<br><br>  Plaintiff,<br><br>vs.<br><br>SQUARE TWO FINANCIAL, A Colorado Corporation, MIDLAND CREDIT MANAGEMENT, INC., A Kansas Corporation, and PORTFOLIO RECOVERY ASSOCIATES, LLC, A Delaware Limited Liability Company,<br><br>  Defendants. | CASE NO.: CV11-10226-RGK-VBK<br><br>**REPLY MEMORANDUM OF DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC IN SUPPORT OF MOTION FOR SANCTIONS UNDER RULE 11**<br><br>Date: September 10, 2012<br>Time: 9:00 a.m.<br>Crtrm.: 850<br><br>The Honorable R. Gary Klausner |

## I.    **INTRODUCTION**

Plaintiff Anait Oganyan ("Oganyan") and her counsel, Arshak Bartoumian, have failed to provide the Court with a single piece of evidence in support of the claims in the Complaint. They have also submitted no evidence describing what investigation, if any, they performed into the merits of the case. Defendant Portfolio Recovery Associates, LLC ("PRA") has submitted substantial evidence showing that Oganyan's claims lack any merit, and that a reasonable investigation on the part of Oganyan or her counsel would have revealed as much.[1] This alone is grounds for the Court to award sanctions.

In addition, Oganyan and her counsel continue, even in the face of this motion, to pursue claims that are barred by well-settled Ninth Circuit authority. For example, as discussed below, Oganyan and her counsel continue to contend that she has standing to pursue claims under section 1681s-2(a) of the FCRA,[2] when the Ninth Circuit has unequivocally held that consumers, like Oganyan, have no standing.

Unfortunately, pursuing frivolous claims in this Court is par for the course for Mr. Bartoumian.[3] The Court should take this opportunity to award substantial

---

[1] In support of its Motion for Summary Judgment (Doc. No. 22), PRA submitted a declaration of its Vice-President of Operations, Nyetta C. Jackson (Doc. 22-1), which attached several exhibits, including the initial demand letter PRA sent to Oganyan on August 13, 2010. Oganyan did not object or otherwise submit evidence disputing PRA's evidence and did not even file an Opposition to PRA's Motion for Summary Judgment until over a month after the deadline. Even then, the grossly late opposition did not proffer a shred of evidence to support the claims.

[2] The Fair Credit Reporting Act, § 1681, *et seq.* ("FCRA").

[3] *See Minasyan v. Creditors Fin. Group,* 12-cv-01864 ODW-FMO (Doc. No. 53) at p. 8 (C.D. Cal. Jun. 25, 2012); *Ayvazian v. Moore Law Group*, 2012, WL 2411181, *4 (C.D. Cal. Jun. 26, 2012) (awarding sanctions against the plaintiff who was proceeding *pro se*, but observing that Mr. Bartoumian had likely "ghost-written" the complaint); *Margaryan v. Primary Fin. Servs.*, 2012 WL 1253091 (C.D. Cal. Apr.

sanctions against Mr. Bartoumian to deter him from continuing to pursue frivolous cases such as this.

## II. ARGUMENT

### A. Oganyan Has Failed To Produce Any Evidence That Her Claims Were Grounded in Fact Or Adequately Investigated

To avoid sanctions under Rule 11, Oganyan must show that her "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation . . . ." But Oganyan has failed to submit any evidence in support of her claims. Instead, she offers unsubstantiated arguments of her counsel that she "had no knowledge" of the account until May 2011 and that she "denies having received" PRA's August 13, 2010 letter. *See* Opposition to Motion for Sanctions ("Opp.") at p. 2. This is not evidence. It merely reiterates the allegations in the Complaint.

By filing and continuing to pursue her claims, Oganyan and her counsel certified that to the best of their knowledge, the factual contentions in the Complaint have evidentiary support. But in response to this Motion for Sanctions and PRA's Motion for Summary Judgment, they have failed to submit any evidence supporting their claims or demonstrate what investigation, if any, was performed. The only evidence before the Court shows that PRA sent Oganyan the August 13, 2010 letter to the same address she listed on her *pro se* Complaint in this action, that she did not request timely validation of the account, and that PRA responded properly to a dispute it did receive from a consumer reporting agency.[4]

To impose sanctions, the Court does not need to find that Oganyan or her counsel acted with "subjective bad faith," only that the claims were "frivolous,

---

12, 2012) (granting the defendant's request for reasonably attorneys' fees; counsel failed to appear at scheduling hearing and failed to respond to the defendant's motion for summary judgment).

[4] The letter also contained the notice required by section 1785.26(b) of Consumer Credit Reporting Agencies Act ("CCRAA").

legally unreasonable or without factual foundation." *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). Despite being faced with the threat of sanctions, Oganyan and her counsel proffered no evidence to establish any "factual foundation" for her claims.

**B.     Oganyan And Her Counsel Continue To Pursue Legally Frivolous Claims**

Even if Oganyan had submitted evidence in support of her claims, sanctions should still be imposed because she and her counsel are pursuing claims that are frivolous as a matter of law.

For example, as discussed in PRA's summary judgment and sanctions motions, even if the Oganyan had submitted a declaration stating that she had not received the August 13, 2010 letter (as her counsel argues without any evidence in her opposition), PRA still would not have violated section 1692g of the FDCPA. *See Mahon v. Credit Bureau of Placer Cty, Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) (granting summary judgment for collector even though debtors testified they had no memory of receiving the section 1692g notice); *See In re Buchnum*, 951 F.2d 204, 207 (9th Cir. 1991) (to overcome presumption of mailing and receipt, a debtor must prove "by clear and convincing evidence that the mailing was not, in fact, accomplished"). Similarly, Oganyan has still not pointed to one communication that she received from PRA that was "false, deceptive, or misleading" under section 1692e, or "unfair or unconscionable" under section 1692f or the FDCPA, yet she continues to press those claims.

The FCRA and CCRAA claims are frivolous as a matter of fact and law, and Oganyan's Opposition only reveals that she and her counsel <u>still</u> have not investigated the controlling Ninth Circuit authority. The Complaint alleges claims under section 1681s-2(a) of the FCRA, even though it is well settled that consumers, like Oganyan, have no private right of action under section 1681s-2(a). *See Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). Nonetheless, in her Opposition, Oganyan and her counsel continue to insist

that she <u>does</u> have that private right of action. *See* Opp. at p. 4. In support, they quote from *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296 (D. N.M. 2000), where the court addressed a consumer's ability to sue under <u>section 1681s-2(b)</u>, not section 1681s-2(a). *Id.* at 1300. Indeed, *DiMezza* acknowledges that consumers do <u>not</u> have a private right of action under 1681s-2(a). *See id.* at 1299.

Similarly, the CCRAA claims are barred because they are preempted by the FCRA. Oganyan does not dispute that under *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888-89 (9th Cir. 2010), the only provision of the CCRAA that is not preempted by the FCRA is section 1785.25(a), which is expressly saved by the statute. *See* 15 U.S.C. 1681t(b)(1)(F)(ii). Her only argument as to why the Court should not impose sanctions is that "courts have disagreed with the notion that FCRA preempts state claims," (Opp. at 5), but this is irrelevant. Oganyan cites *Sanai v. Saltz*, 170 Cal. App. 4th 746, 774-78 (2009), which, consistent with *Carvalho*, holds section 1785.25(a) is not preempted by the FCRA. Otherwise, she does not cite a single case that addresses the CCRAA, let alone one that finds it is not preempted by the FCRA.

## III. CONCLUSION

For the reasons stated above and in PRA's opening papers, PRA respectfully requests that the Court issue an Order sanctioning Oganyan and her counsel, pursuant to Rule 11, in the amount of PRA's attorneys fees and costs, in the sum of at least $16,691.48, as supported by PRA's moving papers, all of which PRA has been forced to incur in defending this frivolous action.

DATED: August 27, 2012         SIMMONDS & NARITA LLP
                               MICHAEL R. SIMMONDS
                               R. TRAVIS CAMPBELL


                               By:   s/R. Travis Campbell
                                     R. Travis Campbell
                                     Attorneys for Defendant
                                     Portfolio Recovery Associates, LLC